UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

----------------------------------------------------------------- x

COMCAST CABLE COMMUNICATIONS,      :
LLC,      :
1701 John F. Kennedy Boulevard      :
Philadelphia, PA 19103-2838      :    **COMPLAINT FOR**
     :    **DECLARATORY RELIEF**
              *Plaintiff*,      :
     :
       - against -      :
     :
ISSAM SALAH HOURANI,      :
London, U.K. c/o      :
Payne Hicks Beach Solicitors      :
10 New Square      :
Lincoln's Inn      :
London  WC2A 3QG      :
     :
              *Defendant*.      :

----------------------------------------------------------------- x

Plaintiff Comcast Cable Communications, LLC ("Plaintiff" or "Comcast"), by and

through its undersigned attorneys, hereby alleges for its Complaint against Defendant Issam

Salah Hourani ("Defendant" or "Hourani") as follows:

## <u>NATURE OF THE ACTION</u>

1.      This is a declaratory judgment action to determine Comcast's obligation to

comply with a foreign discovery Order.  The Order directs Comcast to disclose records and

personal information appertaining to a Comcast subscriber located in the United States in

Washington, D.C.  Comcast seeks a judgment determining whether it must comply with the

Order  or whether Comcast is prohibited from complying with the Order pursuant to the privacy

provisions in Section 631(c) of the Communications Act of 1934, 47 U.S.C. § 551(c).

2.      As set forth more fully below, Comcast was served by Defendant Issam Salah

Hourani, who is also the Claimant and Applicant in a United Kingdom defamation action, with

an order from a U.K. court requiring disclosure of the name and address of the Comcast

1

subscriber(s) using a particular Internet Protocol ("IP") address to navigate the Internet during specified times.  Comcast has not complied with the U.K. Order and counsel for Hourani has threatened to pursue legal remedies against Comcast for failure to comply with the U.K. Order.

3.      Comcast notified the subscriber shown by Comcast's records to have been the user of the IP address during the time specified in the U.K. order.  In response, counsel for the subscriber contacted and informed Comcast that the subscriber will bring an action against Comcast pursuant to the Communications Act, 47 U.S.C.§ 551(f),  should Comcast comply with the U.K. order by disclosing any of the subscriber's identifying information to Hourani.

4.       By this action, Comcast seeks a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that the U.K. order is not enforceable against Comcast, and that in accordance with 47 U.S.C. § 551(c)(2), Comcast may only disclose the information sought by that order pursuant to an enforceable order from a United States court of competent jurisdiction, obtained through 28 U.S.C. § 1782 or any other applicable procedure.

5.      Should this Court issue an order pursuant to 28 U.S.C. § 1782 granting leave to seek the discovery requested by Defendant, Comcast requests that the Court provide the subscriber(s) with notice and an opportunity to contest the discovery sought by Hourani directly.

## PARTIES

6.      Plaintiff Comcast is a Delaware corporation, with its principal place of business in Philadelphia, Pennsylvania.  Comcast does business in the District of Columbia at 900 Michigan Avenue, NE, Washington, DC 20017.  Comcast is the duly franchised cable television operator providing video, Internet, voice and other advanced communications services to residences and businesses in the District of Columbia.

7.      On information and belief, Defendant Issam Salah Hourani is a U.K. citizen domiciled in London, England.

8.      The IP address that is the subject of the U.K. Order directed at Comcast was
assigned during the relevant time period specified in the U.K. Order to a subscriber located in the
District of Columbia.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28
U.S.C. 1331 (federal question jurisdiction) and 28 U.S.C. 2201 (authorizing declaratory relief),
in that this case seeks a declaration of Comcast's obligations governed by 47 U.S.C. § 551 and
28 U.S.C. § 1782.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because
Defendant is a non-U.S. resident who may be sued in any judicial district.  Venue is also proper
in this district pursuant to 28 U.S.C. § 1391(c) because according to publicly available records,
the IP addresses at issue are associated with a subscriber located in this district.

## FACTS

11.     Comcast is a media, broadcasting, telecommunications, and cable television
company and the largest home Internet service provider in the United States.  In its role as a
franchised cable television provider, and Internet, voice, and other advanced communications
services provider, Comcast is subject to the provisions of Title VI of the Communications Act of
1934, 47 U.S.C. §§ 521, *et seq.*  (hereinafter, the "Communications Act").

12.     Section 631(c) of the Communications Act, 47 U.S.C. § 551(c) protects the
privacy of subscribers by prohibiting cable providers such as Comcast from disclosing to third
parties personally identifiable information concerning any subscriber without prior written or
electronic consent of the subscriber and also imposes an affirmative obligation on a cable
operator to "take such actions as are necessary to prevent unauthorized access to such
information by a person other than the subscriber or cable operator."  *Id*. § 551(c)(1).  Section

631(c)(2) provides exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent.  As relevant here, Comcast may disclose a subscriber's personally identifiable information to a third party if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."  47 U.S.C. § 551(c)(2)(B).

13.     On August 19, 2015, Comcast was served with an order from the U.K. High Court of Justice, Queen's Bench Division, directing third-party disclosure in the case captioned *Issam Hourani v. Alistair Thomson et al*, Claim No. H14 D 05164 (the "U.K. Order") (Exhibit A).  The U.K. Order directs Comcast to disclose the "name and address of the user(s)" of one IP address, 98.204.52.170, during the period May 23 to July 23, 2015.  *Id.* at ¶ 1.

14.     On August 21, Comcast notified the subscriber associated with the subject IP addresses of the U.K.  Order.

15.     On September 15, 2015, Comcast received a letter from counsel for the subscriber, declining consent to produce the subscriber's name and address to Hourani.  The subscriber further threatened legal action against Comcast pursuant to the Communications Act, 47 U.S.C. § 551 should Comcast provide the requested information to Hourani in response to the U.K. Order.

16.     In communications with counsel for Hourani, including a letter dated October 8, 2015, counsel for Hourani has threatened legal action to enforce the U.K. Order and seek fees and costs against Comcast.  Counsel for Hourani has not sought issuance of a subpoena from a U.S. court pursuant to 18 U.S.C. § 1782.

17.     Comcast desires to protect its subscriber's privacy, in accordance with its obligations under the Communications Act, and to protect its subscriber's First Amendment right

to engage in anonymous protected speech online.  In U.S. courts, subpoenas seeking the identity

of a speaker exercising his or her First Amendment right to anonymous speech are subject to a

heightened standard.  Before enforcing such subpoenas in defamation cases, U.S. courts –

including courts in the District of Columbia – require, *inter alia*, that the party seeking the

identity of the anonymous speaker demonstrate a *prima facie* claim for defamation, supported by

evidence, and that the anonymous defendant be notified and afforded an opportunity to file a

motion to quash the subpoena.  *See Solers, Inc. v. Doe*, 977A.2d 941, 954 (D.C. 2009).  By this

action, Comcast seeks a declaration of its legal obligations with respect to compliance with the

U.K. Order, and further seeks a ruling that allows the subscriber a meaningful opportunity to

interpose his or her own legal challenge to the discovery sought by Hourani in order to remain

anonymous.

## COUNT I

### (Declaratory Judgment)

18.     Comcast repeats and realleges each and every allegation in paragraphs 1-17 above

as if fully set forth herein.

19.      As set forth in greater detail above, Comcast faces an imminent threat of legal

action from the Defendant should it refuse to comply with the U.K. Order.

20.     As set forth in greater detail above, Comcast also faces an imminent threat from

its subscriber of legal action arising under 47 U.S.C. 551 should it comply with the U.K. Order.

21.     By reason of the foregoing, there now exists an actual and justiciable controversy

concerning whether Comcast must comply with the U.K. Order or whether it is prohibited from

complying with the U.K. Order by Section 631(c) of the Communications Act, 47 U.S.C.

§ 551(c).

22.     Accordingly, Comcast seeks, pursuant to 28 U.S.C. §§ 2201 and 2202, a declaration that the U.K. order is not enforceable against Comcast, and that in accordance with 47 U.S.C. § 551(c)(2), Comcast may only disclose the information sought by that order pursuant to an enforceable order from a United States court with jurisdiction over Comcast, obtained either by way of an application pursuant to 28 U.S.C. § 1782, or by any other applicable procedure.  Should this Court issue an order pursuant to 28 U.S.C. § 1782 granting leave to seek the discovery requested by Hourani, Comcast requests that the Court allow Comcast sufficient time to provide the subscriber(s) with notice and an opportunity to contest the requested discovery before Comcast must disclose any of the subscriber(s)" personally identifiable information.

23.     Alternatively, Comcast seeks, pursuant to 28 U.S.C. §§ 2201 and 2202, a declaration that the U.K. order is enforceable against Comcast, and that in accordance with 47 U.S.C. § 551(c)(2), Comcast may disclose the information sought by that order to Hourani.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

(a) Declaring that the U.K. Order is not enforceable against Comcast, and that in accordance with 47 U.S.C. § 551(c)(2), Comcast may only disclose the information sought by that order pursuant to an enforceable domestic order from a court of competent jurisdiction, obtained through 28 U.S.C. § 1782 or any other applicable procedure;

(b) Alternatively, declaring that the U.K. Order is enforceable against Comcast and that Comcast Comcast's compliance is consistent with 47 U.S.C. § 551;

(c) Alternatively, if an order is issued pursuant to 28 U.S.C. § 1782 granting leave to seek the discovery requested by Defendant, allowing for the subscriber to be provided with notice and an opportunity to contest the discovery in this Court; and

(d) Awarding any such other and further relief that this Court deems just, proper and equitable.

Dated:  Washington, DC
      October 19, 2015

DAVIS WRIGHT TREMAINE LLP

By:  /s/ John D. Seiver
      John D. Seiver
      Alison Schary

1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Attorneys for Comcast Cable Communications, LLC*