UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 15-cv-1724 (RMC) |
| ISSAM SALAH HOURANI, | )<br>)<br>) |
| Defendant. | )<br>) |

**OPINION**

Plaintiff Comcast Cable Communications, LLC, brought this suit seeking a declaratory judgment to determine its obligation to comply with a foreign discovery order. Comcast was served by Defendant Issam Hourani, who is a citizen of the United Kingdom and a claimant in a U.K. defamation suit, with an order from a U.K. court requiring disclosure of the name and address of the Comcast customer who used a particular Internet Protocol (IP) address on specified dates.  Mr. Hourani believes that the subscriber used the IP address to defame him through internet postings.  Under the Communications Act, 47 U.S.C. § 551(c), Comcast may only disclose the information sought if so ordered by a U.S. court through the procedure provided in 28 U.S.C. § 1782.  Thus, Comcast filed this suit seeking an order declaring whether the U.K. discovery order is enforceable against Comcast.  As explained below, the Court orders that before providing the information sought by the U.K. discovery order, Comcast must notify the subscriber and the subscriber will be provided an opportunity to be heard in this Court.

## I. FACTS

Issam Hourani filed suit in London against PsyberSolutions LLC, its Chief Executive Officer Allison Blair, Alistair Thomson, and Bryan McCarthy alleging that they operated a "Campaign" to assassinate his character, portraying Mr. Hourani as a criminal involved in the abduction, false imprisonment, torture, drugging, rape, and murder of Anastasya Novikova, in Beirut, Lebanon in 2004.  *Hourani v. Thomson*, Claim No. H14 D 05164, U.K. Compl., dated Dec 10, 2014 [Dkt. 3].  In the U.K. Complaint, Mr. Hourani alleges that (1) the defendants established websites, Facebook pages, Twitter accounts, and a YouTube channel on which they published words and images defaming Mr. Hourani by falsely connecting him to Ms. Novikova's murder; (2) the defendants organized a vigil outside Issam Hourani's London home on June 19, 2014, and a demonstration in Hyde Park and outside the Lebanese Embassy in London on November 16, 2014 (collectively, the Demonstrations) to commemorate the tenth anniversary of Ms. Novikova's death; and (3) the defendants videotaped the Demonstrations and posted the videos on the Internet.  U.K. Compl. at 2-19.  Mr. Hourani contends that this course of conduct, including the publication of defamatory statements, constituted defamation and harassment in violation of  a British statute, section 1(1) of the "Protection from Harassment Act of 1997."  *Id*. at 2, 26.

The U.K. Complaint is substantially similar to the complaint filed here by Issam Hourani's brother, Devincci Hourani.  *See Hourani v. PsyberSolutions*, 15-cv-933 (RMC) (Compl. filed June 15, 2015).  This Court recently dismissed Devincci Hourani's case because,

among other things, he failed to allege malice as required in a defamation case where a limited-purpose public figure is a plaintiff. *See id*., Op. (Feb. 18, 2016); Order (Feb. 18, 2016).[1]

On August 19, 2015, the U.K. court ordered Comcast to disclose to Issam Hourani:

> (a) the name and address of the user(s) of IP address 98.204.52.170 between 23 May 2015 and 23 July 2015 or the earliest possible time after these dates; and
>
> (b) any other recorded information, including billing information, that may assist in determining the IP address user, to the extent such information is available.

U.K. Discovery Order [Dkt. 3] at 1-2. The U.K. Order further provides that Mr. Hourani may use the information produced "for the purpose of bringing proceedings for defamation and/or harassment and/or other civil proceedings against any individual or other entity thereby identified and/or assisting the Claimant to establish the extent of the involvement of those identified in the matters complained of in the present action." *Id*. at 2. Mr. Hourani believes that the subscriber who used that IP address is a person who was "hired to stage fake performances to defame and cause harm to defendant and [to] film the performances to be uploaded onto websites and social media sites for dissemination on the internet." Def. Mem. [Dkt. 17-5] at 2.[2]

---

[1] As noted in the Court's Opinion in *Hourani v. PsyberSolutions,* 15-cv-933 (RMC), Ms. Novikova died when she fell, jumped, or was thrown out of a window at an upper-floor Beirut apartment owned by Issam Hourani and his brother, Devincci Hourani. Ms. Novikova was the reputed mistress of a former high-level Kazakh official, Rakhat Aliyev, who was the son-in-law of the President of Kazakhstan from 1983 to 2007. Issam Hourani was married to Mr. Aliyev's sister.

[2] In *Hourani v. PsyberSolutions*, Devincci Hourani alleged that this same IP address, 98.204.52.170, "belongs to Blair and PsyberSolutions." *Hourani v. PsyberSolutions*, 15-cv-933 (RMC), Compl. ¶ 34.

Mr. Hourani served Comcast with the U.K. Discovery Order. Comcast has not complied, and counsel for Mr. Hourani threatened to pursue legal remedies against Comcast. Compl. [Dkt. 1] ¶ 2. Comcast notified the subscriber shown by Comcast's records to be the user of the IP address at the relevant times, and the subscriber indicated that it did not consent to disclosure of any of its identifying information to Mr. Hourani. *Id*. ¶ 3. The subscriber threatened to file suit against Comcast under 47 U.S.C. §551(f) if Comcast disclosed the subscriber's identity. *Id*. As a result, Comcast filed this declaratory judgment action to determine its obligation under the U.K. Discovery Order. Comcast seeks a declaratory judgment indicating whether or not the U.K. discovery order is enforceable against it, under 28 U.S.C. § 1782 and 47 U.S.C. § 551(c).

The parties have filed cross motions for judgment on the pleadings. *See* Def. Mot. [Dkt. 17]; Pl. Opp'n [Dkt. 18]; Pl. Cross Mot. [Dkt. 19]; Def. Opp'n [Dkt. 20]; Pl. Reply [Dkt. 21].[3] The parties agree that the Court should enter judgment on the pleadings, but they disagree regarding whether the subscriber should receive pre-disclosure notice and an opportunity to be heard. Def. Opp'n at 2; Pl. Reply at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to file a motion for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). The standard of review on a motion for judgment on the pleadings is virtually identical to the standard for a motion under Rule 12(b)(6). *United Parcel Service, Inc. v. Int'l Bhd. of Teamsters, AFL-CIO*, 859 F. Supp. 590, 592, n.1 (D.D.C. 1994). A complaint must be

---

[3] Mr. Hourani styled his motion at Docket 17 as a "motion to dismiss," despite the fact that he already had filed an Answer [Dkt. 8]. Realizing his error, Mr. Hourani then asked that the Court treat his motion as one for judgment on the pleadings. Def. Opp'n at 2.

sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  To survive a motion to dismiss or a motion for judgment on the pleadings, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *See Twombly*, 550 U.S. at 570.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555.  A court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).  "Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the Court must treat [such a] motion with the greatest of care and deny it if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Baumann v. Dist. of Columbia*, 744 F. Supp. 2d 216, 221 (D.D.C. 2010).

### III. ANALYSIS

For this Court to declare that the U.K. Discovery Order is enforceable against Comcast, an order must be issued pursuant to 28 U.S.C. § 1782.  Section 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.

28 U.S.C. § 1782.  However, "[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."  *Id.*[4]  An application for a discovery order under § 1782 may be made by a foreign tribunal or by "any interested person."  *In re Gianasso*, No. C 12-80029 Misc. SI, 2012 WL 651647, at *1 (N.D. Cal. Feb. 12, 2012).

A district court has discretion in deciding whether to grant a § 1782 order.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004).  The Supreme Court identified the following factors to consider in exercising such discretion: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; if he is, the need for a § 1782 order is not readily apparent; (2) the nature of the foreign tribunal and its proceedings and its receptivity to U.S. federal-court assistance; (3) whether the request for assistance under § 1782 conceals an attempt to circumvent foreign discovery restrictions; and (4) whether the request is unduly intrusive or burdensome.  *Id.* at 264-65.

Section 1782 is limited by the cable privacy provision of the Communications Act, 47 U.S.C. § 551(c).  Section 551(c) provides, in relevant part, that a cable operator cannot disclose personal identifying information regarding a subscriber unless the subscriber consents or the cable operator acts pursuant to a court order with notice to the subscriber.  *See* 47 U.S.C. § 551(c)(1) & (2)(B).[5]

---

[4] Of course, a person can voluntarily provide testimony or produce a document.  *See* 28 U.S.C. § 1782 (b) ("This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.").

[5] Section 551(c) provides in full:

(c) Disclosure of personally identifiable information

*In re Gianasso*, 2012 WL 651647, exemplifies the analysis required. Mr. Gianasso was a Swiss citizen who sought discovery in aid of an ongoing criminal investigation

---

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

(2) A cable operator may disclose such information if the disclosure is—

(A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;

(B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

(C) a disclosure of the names and addresses of subscribers to any cable service or other service, if—

> (i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and
>
> (ii) the disclosure does not reveal, directly or indirectly, the—
>
> (I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or
>
> (II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or

(D) to a government entity as authorized under chapters 119, 121, or 206 of Title 18, except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

47 U.S.C. § 551(c).

and a planned-for civil suit in Switzerland regarding defamatory statements posted on a website called Glassdoor.com. 2012 WL 651647, at *1. Mr. Gianasso subpoenaed Glassdoor for the identity of the user who posted the comments. The district court found that: Glassdoor was located within the district; Mr. Gianasso was an interested party in the Swiss proceedings; the discovery was relevant and necessary for those proceedings; Glassdoor was not a party to the Swiss case; and the evidence was not obtainable in Switzerland without the aid of a U.S. court. *Id*. at *2. There was no evidence that a Swiss court would be unresponsive to U.S. assistance or that Mr. Gianasso was attempting to evade restrictions on discovery imposed by Swiss law. Finally, the discovery was not unduly burdensome or intrusive as it only sought the name and address of the user who posted the comments, not the content of any communication. *Id*. The court further found that Glassdoor was subject to the privacy provisions of the Communications Act. Accordingly, it ordered Glassdoor to provide formal notice of the subpoena within 7 days to the user whose identity was sought and the court gave the user 21 days after receiving notice to file any objection to the subpoena. *Id*. at *3. This 7-day/21-day procedure has been used in similar cases. *See In re Action and Protection Found*., No. C 14-80076 Misc. EMC (LB), 2014 WL 2795832, *7 (N.D. Cal. June 19, 2014) (subpoena on website operator for identity of user who allegedly posted hate speech for use in civil and criminal litigation in Hungary); *In re Jommi*, No. C 13-80212 CRB (EDL), 2013 WL 6058201 (N.D. Cal. Nov. 15, 2013) (subpoena on website hosts for information identifying blog author for use in criminal defamation suit in Switzerland).

    Mr. Hourani, a British citizen and a party to the U.K. defamation suit, served a subpoena issued by the U.K. court on Comcast. Mr. Hourani seeks information regarding the identity of a Comcast subscriber who used a particular IP address during a specified time period.

He seeks to assert a defamation and harassment claim against the subscriber in a U.K. court. Comcast seeks a declaratory judgment that Mr. Hourani can only enforce the subpoena under § 1782 and in accordance with § 551(c) of the Communications Act.

Comcast's motion is well-founded.  Sections 1782 and 551(c) clearly apply. Comcast is found in this district, and it is not a party to the U.K. proceeding.  Mr. Hourani, who is a party to the U.K. case, requires this Court's assistance to enforce the U.K. Discovery Order. There is no evidence that the U.K. court would not be receptive to U.S. assistance, and there is no evidence that Mr. Hourani is attempting to evade U.K. restrictions on discovery.  The subpoena is narrow, as it only seeks the name and address of the user of an IP address.  Thus, the requirements of § 1782 are met.  However, Comcast is a cable provider subject to the privacy provisions of the Communications Act, 47 U.S.C. § 551(c).  Thus, before issuing an order requiring Comcast to turn over the name and address of its subscriber, the Court will require that the subscriber be provided notice and an opportunity to be heard anonymously.[6]

### IV. CONCLUSION

For the foregoing reasons, Mr. Hourani's motion for judgment on the pleadings [Dkt. 17] will be denied, and Comcast's cross motion for judgment on the pleadings [Dkt. 19] will be granted.  Comcast's petition for an order pursuant to 28 U.S.C. 1782 will be granted.

---

[6] Mr. Hourani erroneously contends that the subscriber already had an opportunity to object to the U.K. Discovery Order.  *See* Def. Opp'n at 9 ("There was an opportunity for the subscriber to commence an action in the United States").  While Comcast asserts that it contacted the subscriber, no formal legal notice was provided to the subscriber and no deadline for formal response was set.  Mr. Hourani also asserts that Comcast "expressly consented" to the U.K. Discovery Order, *see id.*, but the filing of this declaratory judgment action demonstrates otherwise.  In fact, under the Communications Act, Comcast cannot consent to the U.K. Discovery Order without the consent of the subscriber or an order from this Court.  *See* 47 U.S.C. § 551(c).

By a date to be set in the Order issued pursuant to this Opinion, Comcast shall serve the subscriber who used IP address 98.204.52.170 between 23 May 2015 and 23 July 2015 or the earliest possible time after these dates, with this Order and with the U.K. Discovery Order. Comcast shall serve notice in writing to the subscriber's last known address, via first class mail or overnight service, return receipt requested, and shall file proof of service with the Court under seal.  No later than 21 days after receipt of the notice, the subscriber may appear anonymously and file a motion objecting to the disclosure of the subscriber's name and address, including any request to modify this Order.  If the subscriber fails to file a timely motion or if the Court denies the subscriber's motion objecting to disclosure, the Court may order Comcast to produce the name and address of the subscriber to Mr. Hourani.

Further, Mr. Hourani shall pay Comcast the reasonable costs of (A) compiling the requested information; (b) providing notice to the subscriber; and (C) all other reasonable costs and fees incurred in responding to the U.K. Discovery Order, not to exceed $500 in total. Comcast shall provide Mr. Hourani with written notice of such reasonable costs.

A memorializing Order accompanies this Opinion.


Date: February 23, 2016                                /s/
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge